PRESENT: All the Justices

DERRELL RENARD BROWN
                                        OPINION BY
v.  Record No. 131038        JUSTICE ELIZABETH A. McCLANAHAN
                                      October 31, 2014
COMMONWEALTH OF VIRGINIA


            FROM THE COURT OF APPEALS OF VIRGINIA

     The circuit court found Derrell Renard Brown guilty of

possessing heroin with the intent to distribute in violation of

Code § 18.2-248.  Upholding the conviction, the Court of

Appeals of Virginia rejected Brown's argument that the circuit

court violated his Sixth Amendment rights by denying him a

continuance, on the day of trial, for the purported purpose of

substituting court appointed counsel with retained counsel of

his choosing.  We will affirm the judgment of the Court of

Appeals.

          I.  RELEVANT FACTS AND PROCEEDINGS

     Following his indictment, Brown established his indigency

and obtained a court appointed attorney, as he requested.[1]  That

attorney was later replaced (due to a conflict) by the

appointment of attorney Catherine Rusz.

---

[1] In obtaining such counsel, Brown completed a form styled
"FINANICAL STATEMENT-ELIGIBILITY DETERMINATION FOR INDIGENT
DEFENSE SERVICES" pursuant to Code § 19.2-159, and represented
under oath that his income and assets were zero.

At the start of trial, Rusz advised the circuit court that as a result of new employment she would be unable to represent Brown at sentencing in the event he were found guilty, and that, in such event, she had intended to ask the court to grant leave to withdraw and to substitute a member of her law firm as appointed counsel. However, because of Brown's "discomfort at the idea" of having a different attorney represent him at a "potential sentencing," Rusz explained, she was "ask[ing] the court to consider continuing the matter and appointing Ms. Fisher-Risk from [her] office to handle the [entire] case."

Nevertheless, Rusz then further advised the court that Brown "wanted to retain counsel at this point rather than have [his legal representation] split up" between the guilt phase and any punishment phase.[2] Speaking on his own behalf, Brown added: "I know that if I paid for the lawyer he will go forward and be there through the whole case . . . ." Brown otherwise expressed no concerns with Rusz' handling of his case.

The circuit court denied the motion for a continuance and proceeded to trial. In doing so, the court found, among other things, that Rusz was a "very competent" attorney and was prepared to proceed with Brown's defense; that it was not

_____

[2] Rusz noted that, in fairness to Brown, she had only been able to communicate the previous day her inability to represent him at sentencing, in the event he were found guilty.

uncommon for a different attorney to represent a defendant at sentencing; and that all the witnesses were present. Following Brown's conviction, the court likewise denied his post-trial motion to set aside the verdict based on the contention that the court violated his Sixth Amendment rights by "forcing [him] to proceed [to trial] without the counsel of his choosing."

The Court of Appeals, in a per curiam order, denied Brown's petition for appeal on his Sixth Amendment claim. Brown v. Commonwealth, Record No. 1777-12-2 (June 5, 2013). We awarded Brown this appeal challenging that judgment.

## II. ANALYSIS

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. It is well established that this constitutional guarantee entitles indigent criminal defendants to court appointed counsel in felony cases and other criminal cases resulting in a sentence of imprisonment. See Kaley v. United States, 134 S. Ct. 1090, 1103 (2014); Strickland v. Washington, 466 U.S. 668, 684-85 (1984); Scott v. Illinois, 440 U.S. 367, 373-74 (1979); Argersinger v. Hamlin, 407 U.S. 25, 37-40 (1972); Gideon v. Wainwright, 372 U.S. 335, 344-45 (1963).

This constitutional right to counsel, however, does not guarantee that an indigent defendant will receive

representation by counsel of his own choosing.  The Sixth

Amendment guarantees a criminal defendant "the right to be

represented by an otherwise qualified attorney whom that

defendant can afford to hire, or who is willing to represent

the defendant even though he is without funds."  Caplin &

Drysdale, Chartered v. United States, 491 U.S. 617, 624-25

(1989).  That is to say, an element of the Sixth Amendment is

"the right of a defendant who does not require appointed

counsel to choose who will represent him."  United States v.

Gonzalez-Lopez, 548 U.S. 140, 144 (2006).  But, the right to

choice of counsel "does not extend to defendants who require

[court appointed] counsel."  Id. at 151; see Caplin & Drysdale,

491 U.S. at 624-26; Wheat v. United States, 486 U.S. 153, 159

(1988); United States v. Basham, 561 F.3d 302, 325 (4th Cir.

2009); Miller v. Smith, 115 F.3d 1136, 1143 (4th Cir. 1997).

In this case, Brown established his indigency and received

court appointed counsel.  On the day of trial, Brown asked for

a continuance for the purported purpose of retaining his own

counsel of choice.  However, Brown presented no evidence and

made no proffer that his financial status had changed.[3]  Indeed,

---

[3] See Code § 19.2-159.1(B) (setting forth requirements
applicable when formerly indigent defendant "undergoes a change
of circumstances so that he is no longer indigent").

4

it is undisputed that Brown has remained an indigent throughout the proceedings.[4] Nor did Brown present evidence or proffer that someone else was offering to pay for his legal representation or that he had secured the services of an attorney who was willing to represent him on a pro bono basis.

Brown points to the fact that others provided funding for him to retain private counsel to represent him at sentencing. That fact, however, is immaterial to our analysis. In Gonzalez-Lopez, the United States Supreme Court made clear that appellate review of a challenge under the Sixth Amendment right to choice of counsel is not forward-looking: "Deprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received."[5] 548 U.S. at 148.

---

[4] Brown has received court appointed counsel for this appeal.

[5] For that reason, the Court explained, "[w]here the right to be assisted by counsel of one's choice is wrongfully denied . . . it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation." 548 U.S. at 148. The Court nonetheless noted in conclusion that its holdings in that case did not place "any qualification upon [its] previous holdings that limit the right to counsel of choice," including holdings that "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." Id. at 151.

5

Accordingly, Brown's continuance request was deficient, as a matter of law, because, when made, he established no factual predicate for seeking substitution of other counsel in place of his court appointed counsel under the authority of the Sixth Amendment. The circuit court therefore did not err in denying Brown's continuance motion or in proceeding to trial with Rusz representing Brown, as his court appointed attorney.[6]

### III. CONCLUSION

For these reasons, we conclude that the circuit court did not commit error under the Sixth Amendment in denying Brown's motion for a continuance for the purported purpose of retaining counsel of his choice. We will thus affirm the judgment of the Court of Appeals in upholding Brown's conviction.

Affirmed.

---

[6] Because we conclude Brown did not establish a factual predicate for invoking the Sixth Amendment right to choice of counsel as an initial matter, we need not apply the balancing test otherwise required for determining whether a trial court abused its discretion in denying a criminal defendant's request for a continuance so that he may be represented by counsel of his own choosing. See Gonzalez-Lopez, 548 U.S. at 152 ("[A] trial court[] [has] wide latitude in balancing the right to counsel of choice against the needs of fairness and against demands of its calendar[.]") (internal citations omitted).

6